UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MONCRIEF, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-1654-x |
| | § | |
| TECH PHARMACY SERVICES, LLC | § | |
| AND PARTNERS PHARMACY | § | |
| SERVICES, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6).  [Doc. No. 7].  For the reasons explained below, the Court **GRANTS** the motion.  Moncrief has twenty-eight days to amend his pleadings to address the deficiencies outlined in the order.  He may make no other changes.

### I. Factual Background

In 2015, Defendants Tech Pharmacy Services, LLC and Partners Pharmacy Services, LLC ("Defendants") hired Plaintiff James Moncrief to sell their products and services.  After hiring Moncrief, Defendants filed a lawsuit for patent infringement lawsuit ("the Litigation") against another business and requested that Moncrief assist their lawyers in the litigation in exchange for a bonus.  Moncrief assisted Defendants' lawyers throughout the trial.  Defendants were ultimately successful in the litigation and recovered over twenty-four million dollars.  Defendants subsequently terminated Moncrief, who then filed a complaint in state

court seeking to recover from the Defendants for failing to pay the alleged bonus. Eventually, Moncrief removed his case to federal court.

After reviewing Moncrief's thirty-nine-word fact section, Defendants filed a motion to dismiss detailing to the Court the threadbare nature of the complaint. Moncrief then filed an amended complaint that brings three causes of action: (1) breach of contract, (2) quantum meruit and unjust enrichment, and (3) fraud. Defendants now move again to dismiss the amended complaint, again alleging Moncrief failed to make any real allegations upon which a claim can survive. Specifically, Defendants point out that Moncrief's amended complaint failed to make "any allegations" relating to (1) who made the promise to pay Moncrief, (2) when they made the promise, (3) where they made the promise, (4) how much they promised to pay, (5) when they promised to make the payment, and (6) how they promised to pay it.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1]  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

alleged."[3]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5]

While legal conclusions can provide "the framework" of a complaint, they must be supported by factual allegations.[6] The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.[7] When there are well-pled factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief.[8] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9]

### III. Analysis

In his first amended complaint, Moncrief alleges three causes of action:

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. PROC. 8(a)(2)).

[6] *Id.* at 679.

[7] *Id.* at 678–79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions." (cleaned up)).

[8] *See Iqbal*, 556 U.S. at 679.

[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

(1) breach of contract; (2) quantum meruit and unjust enrichment; and (3) fraud.[10] Defendants' motion to dismiss alleges that Moncrief failed to plausibly allege any of his claims.  The Court will address each cause of action in turn.

### A. Breach of Contract

Defendants argue that Moncrief failed to state a claim for breach of contract because, among other things, he failed to sufficiently allege the existence of a contract.  Defendants make this argument primarily by providing a list of elements that Moncrief must meet to establish a breach of contract and then demonstrating how he fails to meet those standards.  However, to survive a motion to dismiss, Moncrief simply must state a claim to relief that is plausible on its face in accordance with Federal Rule of Civil Procedure 8, *Iqbal*, and *Twombly*.  Moncrief fails to do so.

Moncrief alleges that (1) "Defendants represented that [they] would compensate or bonus [] Moncrief for assisting in [] Litigation,"[11] (2) he accepted that offer,[12] and (3) Defendants failed to pay for his services.[13]  To support his allegations, Moncrief simply lists conclusory statements such as "[t]he parties had a meeting of the minds that [] Moncrief would be compensated for assisting with the [] Litigation"; "[e]ach party consented to the terms of reasonable compensation for his efforts"; and Moncrief "performed the services and Defendants have breached the agreement by

---

[10] Doc. No. 5 at 5–7.

[11] *Id*. at 4.

[12] *Id*. at 5.

[13] *Id*.

failing to pay for the services rendered."[14]

Moncrief, however, fails to plead any facts to support these conclusory allegations. Again, to survive a motion to dismiss, Moncrief must go beyond threadbare recitations of the elements of a cause action accompanied by conclusory statements and plead factual allegations.[15] Moncrief fails to allege enough facts to move the claim "across the line from conceivable to plausible."[16] Therefore, the Court cannot draw a reasonable inference that Defendants are liable for the breach of contract alleged. Accordingly, the Court finds that Moncrief failed to state a claim for breach of contract. Moncrief will have twenty-eight days to amend his pleadings to address this deficiency.

### B. Quantum Meruit and Unjust Enrichment

Quantum meruit is an equitable remedy "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted."[17] "Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished."[18] "To recover under quantum meruit, a claimant must prove that: (1) valuable services were rendered or materials furnished, (2) to the person sought to be charged, (3) which services or materials were accepted, used[,] and enjoyed by that person, (4) under such circumstances as

---

[14] *Id.*

[15] *Iqbal*, 556 U.S. at 678.

[16] *Twombly*, 550 U.S. at 570.

[17] *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

[18] *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by him."[19]  "The measure of damages for a quantum meruit claim is the reasonable value of the work performed."[20]  The statute of limitations for an action based on quantum meruit is four years.[21]

Defendants present two arguments for dismissal of Moncrief's quantum meruit and unjust enrichment claims: (1) the claims are barred by the statute of limitations and (2) the claims are not pled with the requisite particularity required by Federal Rule of Civil Procedure 9(b).  The Court does not address Defendants' arguments regarding Rule 9(b) because "Rule 9(b)'s heightened pleading standard applies only to the circumstances constituting fraud and mistake."[22]  Regarding the statute of limitations argument, Moncrief's pleadings do not sufficiently demonstrate that his claim for quantum meruit can proceed unhindered by the statute of limitations.  For example, Moncrief's response argues that the discovery rule applies to his claims. But his complaint never pleads facts regarding how his failure to be paid was inherently undiscoverable.  Moncrief will have twenty-eight days to amend his pleadings to address this deficiency.

### C. Fraud

Under Texas law, to establish a claim for fraudulent inducement, the plaintiff

---

[19] *Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.) (citing *Vortt*, 787 S.W.2d at 944).

[20] *Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 796 (Tex. App.—Dallas 2007, no pet.).

[21] *See Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

[22] *Am. Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 362 F.Supp 2d 744, 749 (N.D. Tex. Mar. 3, 2005) (Godbey, J.) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002)).

must allege "a misrepresentation[] that defendant knew . . . was false and intended [to] induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led plaintiff to suffer an injury through entering into the contract."[23]   Similar to fraudulent inducement, to allege a claim of promissory estoppel, a plaintiff must plead: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, [] (3) substantial reliance by the promisee to his detriment, and (4) a definite finding that injustice can be avoided only by the enforcement of the promise."[24]

It is well established that for fraud claims, "Rule 9(b) requires the plaintiff to 'state with particularity the circumstances constituting fraud or mistake.'"[25]   "In other words, Rule 9(b) requires 'the who, what, when, where, and how to be laid out in the complaint.'"[26]   Under the heightened pleading standard, a plaintiff must plead each of these elements with particularity.[27]   Here, Moncrief alleges that Defendants asked him to assist their lawyers with a trial and that he was promised compensation or a bonus for his assistance.   Further, Moncrief alleges that the compensation or bonus would be "based on the revenue from the [] Litigation."[28]   However, Moncrief

---

[23] *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (cleaned up).

[24] *Zenor v. El Paso Healthcare Sys., Ltd*., 176 F.3d 847, 864 (5th Cir. 1999) (cleaned up).

[25] *Afshani v. Spirit Realty Cap., Inc.*, No. 3:19-CV-01421-X, 2020 WL 1139884, at *2 (N.D. Tex. Mar. 9, 2020) (Starr, J.) (quoting FED. R. CIV. PROC. 9(b)).

[26] *Id.* (quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012)).

[27] *See, e.g., Shushany v. Allwaste, Inc*., 992 F.2d 517, 521 (5th Cir. 1993).

[28] Doc No. 5. at 4.

does not identify who made him the offer; how the amount of his compensation was to be calculated; whether the amount was to be a fixed amount or a percentage; or when the money would be paid to him.[29]  The Court finds that Moncrief failed to allege the who, what, when, where, or how of the fraud the Defendants allegedly committed against him.  Moncrief's allegations do not contain enough facts about the terms of the alleged agreement to allow the Court to reasonably infer that an agreement existed, that Moncrief reasonably relied on that agreement, or that Defendants made the promise knowing that they intended to breach the agreement.  Accordingly, the Court finds that Moncrief has failed to plausibly allege his fraud claims.

## IV.  Conclusion

The Court **GRANTS** the Defendants' motion to dismiss, and Moncrief's complaint is **DISMISSED WITH PREJUDICE**.  Moncrief has twenty-eight days to amend his pleadings to address the deficiencies outlined in this order.  Moncrief may make no other changes.

**IT IS SO ORDERED** this 25th day of January, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[29] *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (cleaned up) ("The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby.").