UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES MONCRIEF,<br><br>   *Plaintiff*,<br><br>v.<br><br>TECH PHARMACY SERVICES, LLC<br>and PARTNERS PHARMACY<br>SERVICES, LLC,<br><br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:22-CV-1654-X<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Tech Pharmacy Services, LLC and Partners Pharmacy Services, LLC's (the "Defendants") motion to dismiss Plaintiff James Moncrief's second amended complaint. (Doc. 13). Having carefully considered the parties' arguments, the factual allegations, and the applicable caselaw, the Court **DENIES** the motion. (Doc. 13).

### I. Background

In 2015, the Defendants hired Moncrief to sell their products and services. After hiring Moncrief, the Defendants filed a lawsuit for patent infringement (the "Alixa Litigation") against another business and requested that Moncrief assist their lawyers in the Alixa Litigation in exchange for a bonus. Moncrief assisted the Defendants' lawyers throughout the trial and during the appellate process. The Defendants were ultimately successful in the Alixa Litigation and recovered over twenty-four million dollars. The Defendants subsequently terminated Moncrief, who

1

then filed a complaint in state court seeking to recover from the Defendants for failing to pay the alleged bonus. The Defendants then removed the case to this Court.

Moncrief filed an amended complaint, and the Defendants moved to dismiss. The Court dismissed the amended complaint and gave Moncrief an opportunity to cure the deficiencies. Moncrief filed a second amended complaint that brings three causes of action: (1) breach of contract, (2) quantum meruit, and (3) fraud. The Defendants filed the present motion to dismiss. In response, Moncrief agreed to dismiss his breach of contract claim.[1] Thus, the Defendants now seek dismissal of Moncrief's quantum meruit and fraud claims. The motion is ripe for this Court's consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] A claim is facially plausible when the plaintiff pleads factual content

---

[1] Doc. 14 at 2.

[2] Fed. R. Civ. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[5]

For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.[6] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[7]

### III. Analysis

The Defendants move to dismiss each of Moncrief's claims. The Court considers each in turn.

### A. Quantum Meruit

Quantum meruit is an equitable remedy "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted."[8] The statute of limitations for an action based on quantum meruit is four years.[9]

> To recover under quantum meruit, a claimant must prove that: (1) valuable services were rendered or materials furnished, (2) to the person sought to be charged, (3) which services or materials were accepted, used[,] and enjoyed by that person, (4) under such circumstances as

---

[5] *Id.*

[6] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007).

[7] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[8] *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

[9] *See Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by him.[10]

The Defendants contend that Moncrief cannot recover in quantum meruit because his claim is barred by the statute of limitations. Specifically, because Moncrief alleges that the promise to pay him a bonus upon success of the Alixa Litigation occurred in 2016, and the initial judgment was rendered in 2017, the claim accrued in 2017, more than four years before this action commenced in 2022. But Moncrief contends that the limitations period started to run in May 2019 when he was last consulted about the appellate process in the Alixa Litigation.

Ordinarily, a cause of action accrues when a wrongful act causes some legal injury.[11] "In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief."[12] A claim of quantum meruit accrues on the date the defendant accepts the services at issue, or if the service provider is to be paid upon completing all services, the claim accrues on the last date services were provided.[13] And because the statute of limitations is an affirmative defense, the burden of proof is on the party asserting it.[14]

Courts are to accept all well-pled facts as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.[15]

---

[10] *Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.).

[11] *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014).

[12] *Id.* (cleaned up).

[13] *Channel Source Inc. v. CTI Indus. Corp.*, No. 3:15-CV-0271-P, 2015 WL 13118198, at *3 (N.D. Tex. Oct. 26, 2015) (Solis, J.).

[14] *Id.* at *2.

[15] *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

In doing so, the Court concludes that the Defendants have not carried their burden to show that Moncrief's quantum meruit claim is untimely.

Moncrief alleges that he was to be paid upon success of the Alixa Litigation, and in reliance on that representation, he aided the Defendants in the Alixa Litigation during trial and through the appellate process until the judgment was affirmed on June 3, 2020. He contends that the limitations therefore started to run sometime after May 2019 when he was last consulted about the appellate process. Based on the allegations, the Court can reasonably infer that the representation of payment upon success of the Alixa Litigation included the appellate process, which Moncrief allegedly assisted with in May 2019. Therefore, the limitations period began to run in May 2019, and Moncrief filed suit in July 2022, well before the four-year limitations period was over.

### B. Fraud

For fraud claims, Rule 9(b) requires a heightened pleading standard. In a complaint, plaintiffs must "state with particularity the circumstances constituting

fraud or mistake."[16]  Rule 9(b) requires the who, what, when, where, and how to be laid out in the complaint and pleaded with particularity.[17]

The Court previously gave Moncrief an opportunity to cure the deficiencies in his complaint and explained that he needed to plead his fraud claim with particularity.  And he did.

Under Texas law, to establish a claim for fraudulent inducement, the plaintiff must allege a "misrepresentation[] that defendant knew . . . was false and intended [to] induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led plaintiff to suffer an injury through entering into the contract."[18]  Similar to fraudulent inducement, to allege a claim of promissory estoppel, a plaintiff must plead: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, [] (3) substantial reliance by the promisee to his detriment, and (4) a definite finding that injustice can be avoided only by the enforcement of the promise."[19]

Moncrief's second amended complaint contains sufficient factual allegations to establish the who, what, when, where, why, and how for his fraud claim.  Specifically, he alleges that in the fall of 2016, Patrick Downing, the CEO and President of the Defendants, asked Moncrief to manage the Alixa Litigation, offered him a bonus

---

[16] FED. R. CIV. P. 9(b).

[17] *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012); *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993).

[18] *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (cleaned up).

[19] *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 (5th Cir. 1999) (cleaned up).

based on the success of the Alixa Litigation, and explained that Moncrief would be rewarded for helping with the Alixa Litigation. Moncrief spent many years assisting with the Alixa Litigation and denied other opportunities to make more money outside of the company because of his reliance on these representations. He further alleges that the Defendants received a $24 million judgment, and a few days after that judgment was affirmed on appeal, they fired Moncrief and did not pay him a bonus. Moncrief alleges that Mr. Downing and the Defendants knew the statements were false because they never intended to compensate Moncrief for assisting with the Alixa Litigation. Taking these well-pled facts as true, as the Court is required to do at this stage, the Court concludes that Moncrief has plausibly alleged his fraud claim against the Defendants.

## IV. Conclusion

For the reasons explained above, the Court **DENIES** the Defendants' motion to dismiss. (Doc. 13).

**IT IS SO ORDERED** this 15th day of May, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE