UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MONCRIEF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1654-X |
| | § | |
| TECH PHARMACY SERVICES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tech Pharmacy Services, LLC's and Defendant Partners Pharmacy Services, LLC's (collectively, "Pharmacy Services") motion for partial judgment on the pleadings. (Doc. 33). After reviewing the law and the parties' briefing, the Court **GRANTS** the motion.

This is a fraud case based on a purported contract. The "contract" in question purportedly required Plaintiff James Moncrief to assist Defendant Tech Pharmacy Services, LLC in a separate case in exchange for an unspecified amount. Moncrief agreed to dismiss his breach of contract claim because of the indefiniteness in terms. But Moncrief did not dismiss the damages calculation for benefit-of-the-bargain damages. Pharmacy Services then filed the instant motion under Rule 12(c) for partial judgment on the pleadings as to the damages calculation.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid

1

claim for relief."[1]  The only issue in dispute here is whether the Court can functionally grant a partial judgment as to the measure of damages, because it is not a separate cause of action.

Courts have foreclosed certain measures of damages in a Rule 12(c) posture before.[2]  The Court does so here, because Moncrief admits he cannot recover benefit-of-the-bargain damages.[3]  Moncrief's other causes of action and measures of damages remain.  Accordingly, the Court **GRANTS** the motion is for partial judgment on the pleadings and **DISMISSES WITH PREJUDICE** the benefit-of-the-bargain calculation issue.

**IT IS SO ORDERED** this 3rd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (cleaned up).

[2] *See, e.g.*, *Lee v. Am. Airlines, Inc.*, No. CIV.A. 301CV1179P, 2002 WL 1461920, at *4–5 (N.D. Tex. July 2, 2002) (Solis, J.), *aff'd*, 355 F.3d 386 (5th Cir. 2004); *Guidry v. Dow Chem. Co.*, No. CV 19-12233, 2021 WL 4460505, at *5 (E.D. La. Sept. 29, 2021); *Bass v. Hirschbach Motor Lines, Inc.*, No. 3:14CV360TSL-JCG, 2014 WL 5107594, at *5 (S.D. Miss. Oct. 10, 2014).

[3] Doc. 34 at 5.